```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                     :
SOLOMON MANAMELA,                    :
                                     :
         Petitioner,                 :   Civ. No. 18-9292 (NLH)
                                     :
    v.                               :   OPINION
                                     :
DAVID ORTIZ,                         :
                                     :
         Respondent.                 :
_____:
```

APPEARANCES:
Solomon Manamela, No. 63850-066
Moshannon Valley
Correctional Institution555 Geo Drive
Philipsburg, PA 16866
    Petitioner Pro se

John Andrew Ruymann, Chief, Civil Division
Anne B. Taylor, AUSA
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

Petitioner Solomon Manamela, a prisoner presently confined at CI Moshannon Valley, Pennsylvania,[1] filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that he is actually innocent of his convictions. ECF No. 1. Respondent United States filed a Motion to Dismiss arguing that the Petition should be dismissed for lack of jurisdiction. ECF No.

---

[1] The Court has jurisdiction over this § 2241 petition as Petitioner was confined in FCI Fort Dix, New Jersey when it was filed.

14. Petitioner opposes the Motion to Dismiss. ECF No. 15. The Motion is now ripe for disposition. For the reasons that follow, the Court will grant the Motion.

I. BACKGROUND

Petitioner is serving a 168-month sentence imposed in the Eastern District of Pennsylvania. See United States v. Manamela, No. 2:09-cr-00294 (E.D. Pa. June 10, 2010). Petitioner helped found Multi-Ethnic Behavioral Health Inc., ("MEBH") an entity that he describes as a "non-medical/medicaid serviceable child welfare service provider program in the city of Philadelphia." ECF No. 1 at 16. MEBH contracted with Philadelphia "to monitor the safety of at-risk children through the Services to Children in their Own Homes program by conducting face-to-face visits in which MEBH 'monitor[ed] their medical care, behavioral health and academic performance.'" ECF No. 14-4 at 3 (quoting United States v. Manamela, 463 F. App'x 127, 130 (3d Cir. 2012)) (alteration in original). MEBH was required to make reports to Philadelphia's Department of Human Services. Id. On August 4, 2006, one of the children MEBH was supposed to monitor, Danieal Kelly, was found dead in her home. Manamela, 463 F. App'x at 130. City and federal investigations occurred and determined that MEBH employees had fraudulently reported conducting home visits they had not made. ECF No. 14-4 at 4.

Petitioner was indicted and later convicted of wire fraud, 18 U.S.C. § 1343; health care fraud, 18 U.S.C. § 1347; and conspiracy to obstruct a matter within the jurisdiction of a federal agency, 18 U.S.C. § 371.[2] His convictions and sentence were affirmed by the Court of Appeals for the Third Circuit. Manamela, 463 F. App'x 127.

Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 on May 1, 2013. Manamela v. United States, No. 13-cv-2356 (E.D. Pa. Aug. 12, 2013). The § 2255 motion asserted seven claims: six ineffective assistance of trial counsel claims and one ineffective assistance of appellate counsel claim. ECF No. 14-4 at 4. The sentencing court denied the motion on August 12, 2013. Id. at 1-19. The Third Circuit granted a limited certificate of appealability but ultimately affirmed the sentencing court. United States v. Manamela, 612 F. App'x 151 (3d Cir. 2015). This § 2241 petition followed.

Petitioner argues that he is actually innocent of his convictions in part based on a determination in a wrongful death lawsuit brought by Danieal's estate. In that case, the court dismissed the claims against MEBH on the basis that plaintiffs had "fail[ed] to identify any action by MEBH which affirmatively

---

[2] Although Petitioner refers to the "homicide" charge throughout the petition, he was never charged with causing Danieal's death.

3

endangered Danieal." Estate of Kelly ex rel. Gafni v. Multiethnic Behavioral Health, Inc., No. 08-3700, 2009 WL 2902350, at *11 (E.D. Pa. Sept. 9, 2009). He argues that court's finding requires reversal of his convictions. He presents three grounds for this Court's review: (1) "[w]hether the Court erred in Deciding that [Petitioner] and [MEBH] is liable for the death of Danieal Kelly . . . given the fact that another Circuit Court in the same District (ECPA) found [MEBH and Petitioner's] actions did not create danger . . ."; (2) "[w]hether affirmative evidence exists to establish Congress' intention under 18 U.S.C. § 24(b) to find non-medical community based child welfare service provider Title IV-B subpart 2, (42 U.S.C. § 629(a)(2) under the Act guilty of health care fraud"; and (3) "[w]hether the Court erred in denying [Petitioner's] Discovery and Evidentiary hearing given the overwhelming evidence regarding [MEBH] functions 'Brady Materials' relevant to this case were withheld from the Court by the prosecution." ECF No. 1 at 16.

Respondent United States now moves to dismiss the petition based on a lack of jurisdiction under § 2241. ECF No. 14. It argues the claims raised in the petition may only be brought in a § 2255 proceeding and that Petitioner does not qualify for the savings clause of § 2255(e). Petitioner opposes the motion. ECF No. 15.

4

II. DISCUSSION

   A. Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

   B. Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under

§ 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner argues he is actually innocent of his offenses because the civil lawsuit was dismissed. Presently in the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id.

The Court lacks jurisdiction over the § 2241 petition because Plaintiff's claims are not based on the amendment or

reinterpretation of a federal statute by the Supreme Court. Moreover, Petitioner was never charged criminally with Danieal's death. The civil court's ruling has no impact on the jury's verdict that Petitioner committed wire and health care fraud. Petitioner also had prior opportunities to raise his claims. The civil court's ruling was issued before Petitioner was convicted and he could have raised this claim either on direct appeal or in his § 2255 motion. The Third Circuit considered and rejected Petitioner's second argument that he "did not defraud a 'health care benefit program' as defined by 18 U.S.C. § 24(b)" in his § 2255 motion. United States v. Manamela, 612 F. App'x 151, 154 (3d Cir. 2015). The Eastern District of Pennsylvania rejected Petitioner's requests for discovery while his § 2255 motion was pending. ECF No. 14-4 at 104. Accordingly, the Court lacks jurisdiction over the petition under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Third Circuit. 28 U.S.C. §§ 2244, 2255(h). The Court finds that it is not in the interests

7

of justice to transfer this habeas petition to the Third Circuit as it does not appear that he can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion. Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Third Circuit's permission to file on his own should he so choose.

III. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction the Petition brought pursuant to 28 U.S.C. § 2241 will be granted. An appropriate order will be entered.


Dated: November 27, 2019          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.